## SUPREME COURT.

### MINKS agt. WOLF.

Where the plaintiff brought an action (in the nature of replevin,) to recover a horse; and the referee found for the plaintiff, six cents damages, and assessed the value of the horse at $25,—*Held*, that the plaintiff could recover no more *costs* than damages, six cents. (*Code*, § 304.)

*Dutchess Special Term, May,* 1853. This was an action in the nature of replevin, to recover a horse. The referee before whom the cause was tried, found for the plaintiff, six cents damages, and assessed the value of the horse at twenty.

five dollars. The plaintiff proceeded to have his costs adjusted at the like sum of twenty-five dollars, supposing that he was entitled to recover as much costs as the value of the property and damages. The defendant now moves to strike out all the costs except twelve cents.

J. V. W. Doty, *for Plaintiff.*
S. B. Sackett, *for Defendant.*

Barculo, Justice.—Under the former practice this would have been an action of replevin, and if brought in the Common Pleas full costs of that court would have been recovered. But under the present system no such rule obtains. Section 304 of the Code provides that "in an action to recover the possession of personal property, if the plaintiff recover less than fifty dollars damages, he shall recover no more costs than damages, unless he recovers also property, the value of which, with the damages, amounts to fifty dollars." Under this provision the plaintiff can recover only six cents costs—that being the amount of his damages. The precise point was decided under a similar statute in Rogers agt. Arnold, (12 *Wen.* 30,) where the court say the plaintiff "should have brought his suit in the Common Pleas."

I am aware of the hardship of this rule where the plaintiff cannot bring his action in a court of a justice of the peace, nor recover costs in a court of record. But we have nothing to do with framing statutes. The plaintiff is another victim of the Code.

The motion must be granted, but without costs.